IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KEVIN DANIELS, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 1:15-CV-068-O |
| | § | |
| GENE BEASLEY, Warden | § | |
| FCI-Forest City, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Kevin Daniels, a federal prisoner who was confined at the FCI-Big Spring in Big Spring, Texas, at the time petition was filed.[1] In addition to an amended § 2241 petition, the Court has a response from the Respondent with an Appendix containing the documents related to the disciplinary case challenged in this proceeding. Amend. Pet., ECF No. 10; Response, ECF No.13; Response Appendix (App.), ECF No. 14. Petitioner also filed a reply. Reply, ECF No. 16. After considering all of the pleadings and relief sought by Petitioner, and the applicable law, the Court has concluded that the § 2241 petition must be denied.

---

[1]The Bureau of Prisons website shows that Kevin Daniels is now incarcerated at the Federal Correctional Institution (FCI) Forest City, in Forest City Arkansas. *See* www.bop.gov search of Kevin Daniels, No. 18178-280, last visited May 2, 2017. At the time he filed the petition, he was incarcerated at the Federal Correctional Institution (FCI) Big Spring in Big Spring, Texas. In habeas corpus cases, the warden, as immediate custodian, is the only proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004). A transfer of a habeas corpus petitioner to incarceration in another district after the petition is filed ordinarily does not divest the court in which the petition was filed of jurisdiction. *Lee v. Wetzel,* 244 F.3d 370,375 n.5 (5th Cir. 2001). Jurisdiction attaches on the initial filing and "was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert,* 751 F.3d 288, 290 (5th Cir. 2014). At the time Daniels filed this § 2241 petition, therefore, he correctly named Myron L. Batts, then Warden of FCI-Big Spring, as Respondent. The correct Respondent now, however, is Gene Beasley, Complex Warden at FCI-Forest City, and Daniels's current custodian. The Clerk of Court should update the Respondent on the docket of this case.

**I. BACKGROUND**

Petitioner Kevin Daniels was convicted in the United States District Court for the Western District of Texas in cause number 1:08-CR-285-LY, of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 851, for which he received a sentence of imprisonment of 240 months; along with a conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2), for which he received a concurrent sentence of 120 months. App. at 4-5.[2] By an Executive Grant of Clemency entered on the docket of Daniels's criminal case on October 13, 2016, his total imprisonment term was reduced to 175 months.[3] His projected good conduct time release date is January 27, 2021. *See* www.bop.gov search of Kevin Daniels, No. 18178-280, last visited May 2, 2017.

On June 27, 2014, Daniels went to the commissary window at FCI-Big Spring and was told by a correctional officer that it was not his scheduled day to be allowed to shop at the commissary. App., at 12, § 11. The incident report prepared after the event records that Daniels yelled and cursed at the officer and threw his shopping list at the officer, striking the officer's right hand. *Id.* The incident report charged Daniels with "assaulting any person," in violation of Bureau of Prisons (BOP) disciplinary code 224, and "insolence toward a staff member," in violation of BOP disciplinary code 312. *Id.* at 12, §§ 9-10.

An investigation of the incident report was conducted later that day. *Id.* at 13, § 22. Daniels was advised of his rights and voluntarily made a statement to the investigator:

---

[2]The Court will cite to the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

[3]The Court takes judicial notice of the records of *United States v. Daniels,* No.1:08-CR-285-LY.

> I did not say that stuff and I didn't assault him in any way. We were at the Commissary window and I was getting my list back. The list hit the lip on the window and bounced back. Then he started yelling at me that I assaulted him and I needed to give him my ID, which I did right away.

*Id.* at 13, §§ 23-24. Daniels did not identify any witnesses. *Id.* at 13, § 25.

A few days later, Daniels appeared before a Unit Disciplinary Committee (UDC) . *Id*. at 12, § 21.) He also provided a statement to the UDC regarding the charges, which was recorded as:

> Not true. He did advise me about my shopping days. I said, "I can't believe this shit" but not towards him, and as I was grabbing my list from the window to walk away, it hit the window and bounced back.

*Id*. at 12, § 17. The UDC then referred the charge to a Disciplinary Hearing Officer (DHO) for final hearing and disposition. *Id*. at 12, §§ 18(B) & 19. The records show that Daniels was provided advance written notice of his rights before the DHO and was given the opportunity to request witnesses and a staff representative. *Id*. at 15-17. Daniels requested a staff representative, but he did not request any witnesses. *Id.* at 17.

Several weeks later, on July 25, 2014, Daniels and his staff representative appeared before the DHO. *Id.* at 20, §§ I(B) & II(B). Daniels made a statement to the DHO, which the DHO recorded as, "He said it wasn't my day. I said 'I can't believe this shit.' The paper came out of my hand through the window. It hit the window and slid through and hit his hand I guess." *Id*. at 20, § III(B).

The DHO considered both the reporting employee's account of the incident and the statement given by Daniels, but found the reporting employee's account to be more credible. *Id*. at 21, §V. The DHO also concluded that the fact that Daniels was upset enough to throw the commissary list at all indicated that he intended to throw it at the reporting employee and that the paper hit the officer in the hand constituted an assault. *Id*. Based on the evidence presented, the DHO

3

concluded that Daniels violated disciplinary code 224, assault. *Id*. at 20, § IV(B); 21, § V. The DHO described in writing the evidence relied upon in reaching this conclusion. *Id*. at 21, § V. Based on these findings, the DHO disallowed 27 days of Daniels' good conduct time credit, suspended his commissary and telephone privileges for 365 days, and directed that he spend 30 days in disciplinary segregation. *Id*. at 21, § VI. The DHO suspended the disciplinary segregation sanction. *Id*. The DHO also provided an explanation of the reasons for the sanctions. *Id*. at 21, § VII.

## II.     EXHAUSTION

The Respondent does not raise exhaustion. For purposes of this review, the Court assumes that Petitioner Daniels properly exhausted his administrative remedies.

## III.    ANALYSIS

Petitioner Daniels contends that the correctional officer working the commissary window "overreached his authority", and he argues that there was no evidence supporting the finding that he assaulted anyone. Amended Pet., ECF No. 10, at 5. For relief, Daniel seeks dismissal of the incident report and disciplinary charge. *Id.* at 7.

In the context of a prison disciplinary proceeding resulting in the loss of good time credits, constitutional due process requires that a prisoner at a minimum receive (1) written notice of the charges against him at least twenty-four hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement from the factfinder that includes the evidence relied on and the reasons for the disciplinary action taken. *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974). Daniels was afforded all of these due process protections during the disciplinary process. He does not assert otherwise.

Upon review of a prison disciplinary action, a court must simply consider whether the decision of the prison authority was supported by "some facts" or "any evidence at all." *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). Due process does not require that the evidence in such a proceeding eliminate all other possible conclusions. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. That is, if there are "some facts" or "any evidence at all" that support the action taken by prison officials, their decision must be upheld on federal habeas review. *Smith*, 659 F.2d at 545. The reporting staff member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). "Federal courts cannot retry every prison disciplinary dispute; rather the court may only act where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

A review of the record of the disciplinary proceedings shows that the DHO had some facts to support the finding that Daniels committed the prohibited act of assault. At a minimum, the DHO relied upon the reporting FCI-Big Spring employee's account of the incident, which account described Daniels's demeanor and inflammatory language, followed by Daniels throwing the list which struck the employee's hand. App. at 21, § 21. The DHO also considered the description of the incident provided by Daniels, but ultimately concluded that the reporting employee's account was more credible.

In prison disciplinary cases in which the hearing officer's decision is a matter of determining relative credibility of statements, the fact-finder's reliance on the statement of a witness the fact-finder finds more credible is constitutionally sufficient to meet the due process evidentiary standard. *Reed v. Stephens*, 739 F.3d 753, 785 (5th Cir. 2014). The discipline procedures applied in Daniels' case met the procedural requirements set forth in *Wolff* and the evidentiary requirements of *Hill*. Daniels, however, contends that the disciplinary proceeding should be invalidated because he did not injure the reporting employee. Pet. at 5; Reply at 1. But a violation of the BOP disciplinary code which the DHO concluded Daniels committed requires neither actual injury nor specific intent to injure.

BOP regulations identify two levels of assault offenses. First, code 101 is listed as "assaulting any person or an armed assault" and defined to "be used only when serious physical injury has been attempted or accomplished." 28 C. F. R. § 541.3, Table 1, Code 101. By contrast, the regulations describe a code 224 offense as "[a]ssaulting any person" but defined as "used when less serious physical injury *or contact* has been *attempted* or accomplished by an inmate." 28 C. F. R. § 541.3, Table 1, Code 224 (emphasis added). Although certainly a light contact, Daniels's conduct plainly accomplished physical contact with the reporting employee as covered by code 224. The regulation does not identify intent to injure as an element of either level of assault offense.

Other courts have rejected similar § 2241 challenges to a federal inmate's disciplinary punishment for a code 224 violation based only upon evidence of nominal or no contact. *See Cass v. Sepanek*, 2015 WL 1802803 at * 1, 3-5 (E.D. Ky. April 17, 2015) (Recognizing that DHO's disciplinary determination that an inmate's brief, non-consensual, but non-injurious contact with a BOP employee nonetheless amounted to a code 224 violation, even where the inmate claimed that

6

the contact was unintentional and that the reporting BOP employee misinterpreted his action); *see also Bonaparte v. Copenhaver,* No.1:14-CV-850-LJO-GSA-HC, 2015 WL 925633, at * 5 (E.D. Ca. March 3, 2015) (noting that evidence that inmate and officer were face-to-face during verbal confrontation was some evidence of a Code 224 violation); *Watkins v. Winn,* No. CV 12-882 TUC DCB (BPV), 2013 WL 6823275, at * 7 (D. Ariz. Dec. 24, 2013) (recognizing that evidence that an inmate "came at an officer in an aggressive manner" was sufficient to support a code 224 violation).

In order to successfully challenge the outcome of the DHO hearing and disciplinary punishment imposed in this case, Petitioner Daniels must demonstrate that there was no evidence whatsoever to support the DHO's decision. *Reeves*, 19 F.3d at 1062 ("[P]rison disciplinary proceedings will be overturned only where there is no evidence to support the decision of the prison officials"). Daniels has not met this burden. Both the hearing process and the DHO's report provided sufficient measure of process guaranteed under *Wolff* and *Hill*. Consequently, Daniels has not been denied due process in connection with either the hearing he received or its outcome, and he is not entitled to relief in this § 2241 proceeding.

**IV. ORDER**

For the reasons discussed herein, it is therefore **ORDERED** that Kevin Daniels's petition for relief under 28 U.S.C. § 2241 is **DENIED.**

**SO ORDERED** on this **2nd day** of **May, 2017.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE